OPINION.
Davis, J.,
delivered the opinion of the court:
Prior to the organization of the territorial government over the District of Columbia the levy court of the county had an -office in Washington, in a building belonging to the claimant.
There was no written lease of the premises, but the occupation was under a parol letting at an agreed rental, which was paid from time to time as it became due.
After the 1st day of June, 1871, when tbe change in theform of government toot effect, the levy court, although its powers as to future operations had become absorbed in the new government, continued to occupy the premises for the purpose of closing up its old business.
A room being needed by the new government for the use of the trustees of the county schools, by direction of the governor ■of the District those trustees accommodated themselves in the premises used by the levy court for closing up its business. *358 These two branches, the one of the old and the other of the-new government, continued to occupy the premises together until the levy court had wound up its affairs. After that the school trustees occupied them. This occupation continued.' until June, 1873, a term of two years.
On the 26th June, 1873, the legislative assembly of the District made the following appropriation:
For rent of room for use of Board of TrusteesiuMetropolitauBanklmild-ing, at ¡¡¡¡500 per annum, ft,000.
This appropriation not having been paid when the territorial government was dissolved, the claimant presented a bill to the-District Commissioners for ren t for the occupation of the premises by the levy court. It was referred by the Commissioners to* the Board of Audit, who disallowed it on the ground that the levy court having been abolished June 1,1871, the claim for the occupation of a room by that body should have been against that court and not against the District of Columbia.
The claimant then claimed the rent from the Commissioners,, on the ground that the room had been occupied by the trustees-of the county schools. This was referred to the Board of Audit and disallowed by them, on the ground that, although the room-had been occupied by the trustees, the hiring had been made-by the levy court.
The claimant now brings suit in this court to recover what, is manifestly its due, and what ought to have beeu allowed by the Board of Audit. If an individual had acted as the Board of Audit acted toward this claimant the transaction would have-been open to question. But, although the claim is just and meritorious, this court can afford no relief to the claimant. As. was pertinently said by the counsel for the District, we have-no jurisdiction either over contracts made by the territorial government between June, 1871, and June, 1873, or over contracts made by the levy court, which have been presented to* and rejected by the Board of Audit. (Looney's Case, ante, 8.)
The judgment of the court is that the claimant’s petition be-dismissed without prejudice, for want of jurisdiction.